IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                RESPONDENT

v.                     Criminal No. 6:06-CR-60018
                       Civil No. 6:08-CV-6084

JAMES EDWIN PATE                                     MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 49)[1] and the Motion for Reconsideration or Release (Doc. 54) both filed herein by JAMES EDWIN PATE (hereinafter referred to as "Movant") an inmate confined in the Arkansas Department of Corrections. The United States of America (hereinafter referred to as "Respondent" or "United States") has responded to both motions. The Motions were referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A. Background**[2]:

On November 12, 2006, while on patrol in the Ouachita National Forest in Montgomery County, Arkansas, a U.S. Forestry Service Agent noticed a truck parked at the intersection of a park service road and saw Movant standing outside the truck. As the agent approached the vehicle, he observed Movant quickly attempting to shut the door of the truck bed toolbox. In the cab of the truck, the agent saw two long guns and three small children.

The agent asked Movant for his identification and hunting license. When Movant did not

---

[1] References to pleadings contained in the Court's file will be to the docket number (Doc. ___).

[2] The factual background presented is taken from *United States v. Pate*, 518 F.3d 972 (8th Cir. 2008) the direct appeal from the underlying criminal conviction in this case. The procedural background is taken from the court's docket and the pleadings of the parties.

-1-

produce the documents the agent asked about the contents of the toolbox. According to the agent Movant became belligerent. Movant then entered the driver's side of the vehicle and began reaching under the seat. The agent then drew his firearm and ordered Movant to show his hands. Movant failed to comply with repeated commands and began yelling obscenities at the agent. After raising his hands slightly, Movant abruptly reached under the seat. The agent grabbed Movant with his left hand while maintaining his firearm in his right hand and unsuccessfully tried to remove Movant from the truck. Movant, with his left hand on the steering wheel and right hand continuing to reach under the seat, accelerated the truck, dragging the agent alongside. Believing Movant was reaching under the seat for a firearm, the agent shot Movant on the lower left side of Movant's body. Movant accelerated the truck again causing the agent to be thrown from the vehicle.

The agent returned to his vehicle and pursued Movant for a short distance. Movant stopped his truck but again would not comply with the agent's order to raise his hands and exit the truck. After another officer arrived, Movant was removed from the truck and restrained. A subsequent search of Movant's truck revealed a .22-caliber rifle, a shotgun, and a muzzle loader in the cab of the truck. Various items associated with the manufacture of methamphetamine were found in the toolbox in the bed of the truck.

Movant was indicted for being a felon in possession of a firearm (count one) and misdemeanor assault of a federal officer (count two). On January 16, 2007, Movant pled guilty to both counts. The Court ordered a Pre-sentence Investigation Report (hereinafter "PSR"). Movant filed 20 objections to the PSR. One of his objections was that a two-level enhancement for possession of three firearms was inappropriate because he pled guilty to a count that involved only one firearm. At sentencing, on May 14, 2007, the district court overruled the objections and calculated the advisory Guidelines range, applying a two-level increase for an offense involving three

weapons, pursuant to U.S.S.G. § 2K2.1(b)(1). The Court also applied a four-level increase for possession of a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6). These adjustments resulted in an advisory Guidelines range of 70 to 87 months. The district court sentenced Pate to concurrent terms of 70 months of imprisonment on count one and 12 months of imprisonment on count two. Additionally, the court imposed concurrent terms of supervised release of three years and one year, respectively, and a $3000 fine.

On direct appeal Movant asserted the two-level enhancement pursuant to § 2K2.1(b)(1) should not have been applied because one of the three firearms at issue was a muzzle loader, and did not meet the definition of "firearm." The Eighth Circuit rejected Movant's appeal and held that Movant had not preserved the specific point for appeal. The Eighth Circuit concluded there was no plain error committed and affirmed the sentence of 70 months. *See Pate*, 518 F.3d at 977.

**B. Standards for Relief Pursuant to Section 2255**:

<u>1. Relief on the Merits of the Claims</u>. Title 28 United States Code, Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, to prevail on a § 2255 motion, the movant must demonstrate a violation of the Constitution or the laws of the United States. *See Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003). A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). *Accord Auman v. United States*, 67 F.3d 157, 161

(8th Cir. 1995).

Section 2255 relief *is not* available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice ("actual innocence"). *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir.1988) (*per curiam*). The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). "Actual prejudice" requires a showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002). Further, the movant must show there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense. *See id*.

To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense]." *Id*. (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

2. <u>Entitlement to an Evidentiary Hearing</u>. A Section 2255 movant is entitled to an evidentiary hearing unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. This Court has discretion in determining whether to hold an evidentiary hearing. *See Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001)("We review the district court's decision not to hold an evidentiary hearing for an abuse of

discretion."). In order to determine if a movant under § 2255 is entitled to an evidentiary hearing, the Court must consider the validity of his claim for § 2255 relief. *See id.* More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

In this case, the Court concludes that no evidentiary hearing is required. The record shows that Movant is entitled to no relief on any of his claims, as is explained in more detail below. *See* 28 U.S.C. § 2255; *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005).

3. <u>Ineffective Assistance of Counsel</u>. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. *See Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States." ).

The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir.2003) ( "When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings." ). Therefore , Movant can raise

these claims in this proceeding and was not required to raise them on direct review. The claim in the instant case are based on an assertion of ineffective assistance of counsel. Thus, whether or not Movant in this case is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, the Movant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test requires the movant to show (1) "his counsel's performance was deficient" and (2) he was "prejudice[d]." *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir.2005). The burden of proof is on the movant.

The "deficient performance" prong requires the movant to "show that his counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland,* 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). To satisfy this prong, the movant must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Davis*, 423 F.3d at 877.

Assuming a movant establishes deficient performance by counsel, he must then establish prejudice to overcome the presumption of reasonable representation. To satisfy this "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different ... [,] a reasonable

probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 898 (quoting *Strickland*, 466 U.S. at 694). It is not enough for the movant to show that the errors of counsel had some conceivable affect on the outcome of the proceeding. There must be a reasonable probability that but for counsel's errors the result would have been different. *See id. See Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (citations omitted).

**C.** **Discussion of Specific Claim of Ineffective Assistance**:

Because Movant possessed three firearms at the time of the offense, the District Court imposed a two-level enhancement to Movant's total offense level when it made its advisory guideline calculation. Movant claims his trial counsel should have objected to the two-level enhancement under U.S.S.G. § 2K2.1(b)(1), because one of the three firearms, was a muzzle loader, and should have classified as an "antique firearm." "Antique firearms" are specifically excluded from the guideline calculation pursuant to §2K2.1(b)(1) and 18 U.S.C. §921(a)(3). An "antique firearm," as defined under 18 U.S.C. § 921(a)(16)(c), includes "any muzzle loading rifle, muzzle loading shotgun, or muzzle loading pistol, which is designed to use black powder, or a black powder substitute, and which cannot use fixed ammunition." However, § 921(a)(16)(c) also provides that "the term 'antique firearm' shall not include any weapon which incorporates a firearm frame or receiver, any firearm which is converted into a muzzle loading weapon, or any muzzle loading weapon which can be readily converted to fire fixed ammunition by replacing the barrel, bolt, breechblock, or any combination thereof."

1. Deficient Performance: The first prong of *Strickland* requires the Court to determine whether trial counsel's performance was deficient. In this case, it is clear that Movant's trial counsel did not raise the affirmative defense of an "antique firearm" when objecting to the two-level

enhancement. However, there is no evidence in the record as to whether the firearm at issue meets the definition of antique firearm. Accordingly the Court is unable to determine, on the record, whether counsel's actions were deficient in this instance.

2. Prejudice: The second prong of *Strickland* requires the Movant to show he was prejudiced by counsel's deficient representation. "Prejudice" requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). For the reasons below, even if the Court assumes in this case that counsel's performance was deficient, Movant has failed to establish prejudice to his actual final sentence.

First, he points to no evidence that tends to show the Court would have granted any objection made based on the "antique firearm" exception found in §2K2.1(b)(1) and 18 U.S.C. §921(a)(3). Clearly, based on the language of § 921(a)(16)(c) a "muzzle loader" which is capable of ready conversion to "fire fixed ammunition by replacing the barrel, bolt, breechblock, or any combination thereof" is not classified as an "antique firearm." Here there is no evidence or information in the record to show the Court's finding on the two-level enhancement would have been different.

Second, as calculated by the Court at sentencing, the Movant's total offense level under the advisory guidelines was 23 and his Criminal History Category was IV. *See* PSR p. 13. The advisory guideline sentence was 70-87 months imprisonment. Assuming counsel should have objected at sentencing, assuming there was evidence to support the objection, and assuming the Court had granted the objection at sentencing, Movant's total offense level would have been reduced to 21. The advisory guideleine sentence for an offense level 21 with Criminal History Category IV, is 57-71 months. In this case the Court sentenced Movant to 70 months. A 70 month sentence is within the advisory guideline range of punishment now sought by Movant. Accordingly Movant cannot show

prejudice in this case even if his counsel was deficient at the sentencing hearing. His Motion Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 49) should be denied.

**D.** **Motion for Compassionate Release or to Reopen Judgment**:

Also pending in this matter is the Motion for Compassionate Release and/or Motion to Reopen Judgment pursuant to 18 U.S.C. §3582(c)(1)(A) or Rule 60(b)(6). (Doc. 54). In this motion Movant asserts that he has been diagnosed with a recurrence of kidney cancer which has spread to his lungs and likely spread to his lymph system. He asks for reduction of his sentence to time served based on this extraordinary circumstance. Movant asserts he has submitted a request to the Federal Bureau of Prisons for Compassionate Release based on his medical condition. The BOP has not yet acted on his request. The United States responds to this motion by stating (1) because the BOP has not acted Movant has not exhausted his administrative remedies, and (2) if the BOP denies his request Movant should proceed by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, in the district where Movant is currently incarcerated.

Federal courts are courts of limited jurisdiction and must be statutorily authorized to modify a previously imposed sentence. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.1997). Title 18 U.S.C. §3582(c)(1)(A) provides that the sentencing court my reduce a term of imprisonment "upon Motion of the Director of the Bureau of Prisons, . . . .if it finds that–(I) extraordinary and compelling reasons warrant such a reduction. . ." Here by Movant's own statement the BOP has not moved for a sentence reduction therefore this Court lacks jurisdiction to modify the previously imposed sentence pursuant to §3582(c).

Movant also seeks to "reopen' the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) applies to judgments in civil cases and is a general catchall

provision to allow a federal court to correct a civil judgment. Rule 60(b)(6) is inapplicable in this instance and does not allow the modification of a previously imposed sentence in a criminal case. Accordingly, the Motion for Compassionate Release and/or Motion to Reopen Judgment pursuant to 18 U.S.C. §3582(c)(1)(A) or Rule 60(b)(6) (Doc. 54) should be denied.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 49) and the Motion for Reconsideration or Release (Doc. 54) both be **DENIED**[3]

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **24th day of February, 2009.**

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir. 1984).